## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

HU,

       Plaintiff,

       v.

THE INDIVIDUALS,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

       Defendant.

Case No. 23-cv-05881
Judge Martha M. Pacold

### ORDER

For the reasons in the accompanying order, plaintiff's amended complaint, [18], and amended memorandum regarding joinder, [19], do not establish that joinder is proper. All defendants except Defendant No. 1 are dismissed without prejudice. By March 1, 2024, plaintiff should file a status report regarding how it seeks to proceed with this case.

### STATEMENT

Plaintiff filed this action against 22 defendant online storefronts selling picture lights and alleged that defendants' picture lights infringe plaintiff's design patent. [1]. After reviewing the complaint and plaintiff's motion for temporary restraining order and declarations, [6], the court ordered plaintiff to show cause why this case should not be dismissed for failure to comply with the joinder restrictions in 35 U.S.C. § 299. [9]. Plaintiff filed a memorandum in response. [14].

The court then issued an order (on November 20, 2023) concluding that plaintiff had not made a sufficient showing that its allegations across all 22 defendants involve "the same accused product," as required for joinder under 35 U.S.C. § 299. [15]. In that order, the court explained why plaintiff's showing was insufficient. As the court noted, plaintiff's brief one-paragraph argument on the alleged sameness of the accused products included no discussion of actual accused products offered for sale by the 22 defendants or specific similarities or differences

among the accused products. The court further noted that plaintiff's arguments amounted to allegations that all the accused products infringe the same patent, but those allegations alone expressly do not suffice for joinder under § 299(b) ("accused infringers may not be joined in one action as defendants . . . based solely on allegations that they each have infringed the patent or patents in suit"). The court thus concluded that defendants were misjoined and directed plaintiff to file a statement on the appropriate remedy—that is, whether plaintiff's claims against the misjoined defendants should be dismissed without prejudice or severed into separate actions, in each of which plaintiff would pay the filing fee.

Instead of filing a statement responsive to the November 20, 2023 order (a statement on whether the appropriate remedy is dismissal or severance), plaintiff filed an amended complaint adding allegations regarding joinder, [18], and an amended memorandum contending that joinder is proper, [19].

Regarding joinder, the amended complaint alleges:

On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products manufactured by a common source that infringe the Patent in the same transaction, occurrence, or series of transactions or occurrences. Through their Marketplace Stores, Defendants all sell and/or offer for sale the same Accused Products with minor variations as well as similar if not identical product images and descriptions for example, almost all the defendants have the same product description, "rechargeable picture light", "3 lighting modes", "2 way switching painting", the same timer "15/30/60 minutes", "4000mah battery", as shown in Exhibit 2. Defendants' various Marketplace Stores share unique identifiers, such as similar design elements and imagery associated with the Accused Products. Defendants also utilize the same or substantially similar shopping cart platforms, accepted payment methods, check-out methods, lack of contact information, and identically or similarly priced counterfeit products and volume sale discounts.

[18] ¶ 18.

Similarly, the amended memorandum contending that joinder is proper states that "[t]hrough their Marketplace Stores, Defendants all sell and/or offer for sale the same Accused Products with minor variations as well as similar if not identical product images and descriptions." [19] at 4. The memorandum contends

that plaintiff's well-pleaded allegations establish that the defendants are all operating in the same transaction, occurrence, or series of transactions or occurrences. In the process of making that argument (regarding same transaction or occurrence), plaintiff argues (as alleged in the amended complaint) that defendants are an interrelated group of infringers working in concert to sell infringing products. Plaintiff points to common features of the defendants, noting that defendants use nondescript seller aliases, provide no credible information regarding defendants' physical addresses (provide no contact information in the storefronts or product listings and provide false, misleading and / or incomplete information to ecommerce platforms), and show evidence of market coordination, i.e., using the same advertising and marketing strategies to target consumers while attempting to evade enforcement. Plaintiff contends (again, in the process of arguing that the same transaction or occurrence requirement has been met):

> Further, other well-pleaded facts include that <u>Defendants "employ and benefit from substantially similar advertising and marketing strategies in concert" and many of them "employ the same product images and sell identical products". Almost all picture lights have similar product pictures, the shooting angles of these pictures are all similar. Aside from the picture lights, the positions where the remotes are placed in the photos are almost the same. Almost all the defendants have the same product description, "rechargeable picture light", "3 lighting modes", "2 way switching painting", the same timer "15/30/60 minutes", "4000mah battery". Defendants' various Marketplace Stores share unique identifiers, such as similar design elements and imagery associated with the Accused Products. Defendants also utilize the same or substantially similar shopping cart platforms, accepted payment methods, check-out methods, lack of contact information, and identically or similarly priced counterfeit products and volume sale discounts.</u>

[19] at 6 (emphasis in original).

In the context of joinder under Federal Rule of Civil Procedure 20(a)(2), the following principles apply, *Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020): Plaintiff "bears the burden of demonstrating that joinder is proper under Federal Rule of Civil Procedure 20(a)(2)." *Estee Lauder*, 334 F.R.D. at 185. "In assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations in a plaintiff's complaint as true." *Id.* (citation and quotation marks omitted). "But like the standard for evaluating a complaint under Rule 12(b)(6), courts are not required to accept conclusory or speculative statements that

do not qualify as assertions of *fact*." *Id.* (citations omitted; emphasis in original). There is no apparent reason why these principles would not also apply in the context of joinder under § 299, so the court applies them here.

Plaintiff's new filings do not address the issues raised in the November 20, 2023 order or make a sufficient legal or factual showing that plaintiff's allegations across all 22 defendants involve "the same accused product" within the meaning of § 299(a)(1).

First, most of plaintiff's allegations regarding joinder (summarized above) concern whether the claims involve the same transaction or occurrence, not the same accused product. As explained in the November 20, 2023 order and here, the latter issue (whether the claims involve the same accused product) is the issue on which plaintiff's showing is insufficient.

Second, the new filings cite no legal authority on the interpretation of "the same accused product" in § 299(a)(1). Both the amended complaint and amended memorandum describe the accused products as having "minor variations." But they cite no legal authority for the proposition that even if different products accused of infringing a design patent have "minor variations," the different products can still be considered the "same" within the meaning of § 299(a)(1). *Cf. In re EMC Corp.*, 677 F.3d 1351, 1360 n.4 (Fed. Cir. 2012) ("[W]e do not decide today whether the new joinder provision at 35 U.S.C. § 299 changes the test for joinder of defendants in patent infringement actions, and our approach to the new provision is not dictated by this case. The new statute only allows joinder of independent defendants whose acts of infringement involve 'the *same* accused product or process.' *Id.* § 299(a)(1) (emphasis added). We need not decide whether the sameness test in the new legislation is identical to the sameness test we adopt here for cases not covered by the new legislation."). Thus, plaintiff's showing is legally insufficient.

Third, plaintiff's showing remains factually insufficient. The amended complaint and memorandum add some allegations (summarized above) about similarities in defendants' presentations of the products. But a cursory glance at plaintiff's screenshots of the 22 defendants' allegedly infringing products reveals differences in the products' colors and shapes. *See* [4-1]; [6-1] at 5–6. Plaintiff's new allegations do not address these differences other than to describe them generally as "minor variations." But that description is conclusory and does not engage with or address any of the actual variations among the products here. Similarly, plaintiff's assertion in the memorandum that many of the defendants "employ the same product images and sell *identical products*," [19] at 6 (underline omitted; italics added), is conclusory and the court need not credit it.

4

Ultimately, plaintiff has offered no legal authority for whether products can ever be considered the "same" under § 299(a)(1) despite minor variations. Even if they could, plaintiff has not made a sufficient factual showing as to why any of the products at issue here should be considered the same despite the actual variations among the products.

Plaintiff has not shown that joinder is proper. As to the appropriate remedy (dismissal or severance), the court's November 20, 2023 order directed plaintiff to address this issue, but plaintiff did not do so. Under Federal Rule of Civil Procedure 21, "[s]everance and dismissal without prejudice both serve as proper cures for misjoinder of parties." *LG Elecs., Inc. v. Partnerships & Unincorporated Associations Identified in Schedule A*, No. 21-CV-2600, 2021 WL 5742389, at *4 (N.D. Ill. Dec. 2, 2021) (citing *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 864 (7th Cir. 2018)). Plaintiff has not addressed this issue, and the court concludes that dismissal without prejudice is appropriate. All defendants except Defendant No. 1 are dismissed without prejudice. By March 1, 2024, plaintiff should file a status report regarding how it seeks to proceed with this case.

Date: February 22, 2024                     /s/ Martha M. Pacold

5